# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | Case No. 2:12-cv-01463-JCM-PAL |
| vs. | **ORDER** |
| DESERT CANYON PHASE II, LLC, et al., | (Mot Stay Proceedings - Dkt. #22) |
| Defendants. | |

Before the court is Defendants' Motion to Stay Proceedings (Dkt. #22), which was recently referred to the undersigned for decision[1]. The court has considered the Motion (Dkt. #22), Plaintiff's Opposition (Dkt. #23), and Defendants' Reply (Dkt. #24). The motion was referred to the undersigned by the district judge pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3.

## BACKGROUND

The Complaint (Dkt. #1) in this case was filed August 17, 2012. Plaintiff Branch Banking and Trust Company ("BB&T") is the successor in interest to Colonial Bank by acquisition of assets from the FDIC as receiver for the bank. Complaint (Dkt. #1) ¶1. Plaintiff has asserted claims for deficiency judgment, breach of guarantee agreements, and breach of the covenant of good faith and fair dealing.

---

[1] This motion was filed February 26, 2013. The court's CM/ECF system reflects that this matter was submitted to the district judge for decision. However, chambers of the district judge recently contacted the undersigned's chambers and requested that this court address the motion. LR 7-6(b) permits counsel to send a letter to the court at the expiration of 60 days after any matter has been, or should have been, fully briefed if the court has not entered its written ruling. The court fully appreciates that many counsel are reluctant to take advantage of this local rule. However, especially given the nature of this motion, I welcome such a letter which often uncovers matters which have fallen through the proverbial cracks between the chambers of the district judge and the chambers of the magistrate judge.

Plaintiff's claims arise out of an April 23, 2008, promissory note secured by a deed of trust executed by Defendant Desert Canyon Phase II, LLC ("Desert Canyon") securing a loan in the original principal amount of $9,364,000. *Id.*, ¶16. The individual and LLC Defendants executed guarantees, guaranteeing the payment of present and future indebtedness of the borrower, Desert Canyon. *Id.*, ¶18. Colonial Bank was closed by the banking department of the State of Alabama, and the FDIC was named as receiver to liquidate and distribute its assets. *Id.*, ¶20. On August 14, 2009, the FDIC assigned all of its right, title, and interest in, to and under the loan documents to the Plaintiff. *Id.*, ¶21. The borrower failed to pay the outstanding principal balance of $6,667,041.47, plus accrued interest which was due April 23, 2010.

In the current motion, the Defendants seek a stay of proceedings in this case pending the Nevada Supreme Court's resolution of three cases on appeal argued October 12, 2012. All three of these appeals involve the interpretation of AB 273 which amended provisions of Nevada Revised Statute Chapter 40 which limits recoveries in deficiency actions. The statutes have been amended and, Defendants assert that Nevada state and federal trial courts have issued inconsistent interpretations of these provisions. Defendants argue that the outcome of the three appeals before the Nevada Supreme Court will impact this case in the damages the Plaintiff may recover and the affirmative defenses the Defendants have raised. The motion cites numerous Nevada state trial court decisions and federal trial court orders granting motions to stay pending the Nevada Supreme Court's ruling on AB 273.

Defendants argue that a temporary stay is warranted because the Plaintiff will not be prejudiced or suffer in the interim by a temporary stay, any delay would be brief and reasonable, and the outcome of the Nevada Supreme Court's decision will narrow the issues for this court to consider. BB&T is a party to two of the three appeals and was granted leave to file an amicus brief in the third. Defendants argue that a stay will benefit both parties and the court because the Nevada Supreme Court's decision will likely settle whether the Defendants are entitled to legal and equitable defenses based on AB 273, and therefore what discovery is required in this case. Numerous decisions in this district have recognized the need to stay deficiency litigation while these three appeals are pending before the Nevada Supreme Court to avoid piecemeal litigation, inconsistent outcomes, and to simplify the proceedings and legal questions this court will need to decide. Defendants acknowledge that there will

be other questions this court will need to decide that are not related to the three pending appeals. However, even though the outcome of the three appeals may not settle every question of fact and law, the Nevada Supreme Court's decision will significantly narrow and simplify the issues remaining in this case. For all of these reasons, a stay of further proceedings is warranted.

Plaintiff opposes the motion arguing this is a straight forward, commonplace breach of contract case. Defendants borrowed over 9 Million Dollars and the loan was guaranteed by the guarantors. The borrower and guarantors failed to repay the loan on maturity, and owe the Plaintiff a significant amount of money. Plaintiff contends that a stay of this litigation will allow other creditors to collect against the Defendants, potentially leaving BB&T without recourse, and will significantly delay its efforts to obtain justice. AB 273 was not enacted until two years after the transaction between BB&T and the FDIC involved in this case. AB 273 included amendments to Nevada's statutory deficiency scheme. Defendants argue that BB&T's right to deficiency is limited to the amount paid for the note less the amount for which the property was sold or the fair market value of the property as of the foreclosure date. BB&T paid the FDIC the book value of the loan involved in this case and can therefore establish the consideration it paid. Therefore, even an unfavorable decision from the Nevada Supreme Court on the interpretation of AB 273 will not be dispositive of the question of whether AB 273 can and should apply to this case.

Plaintiff argues that the Defendants have not met the legal standard for obtaining a stay. Specifically, the Defendants have not made a clear case of hardship or inequity justifying a stay. The Nevada Supreme Court's decision will not be dispositive of the affirmative defenses raised, and waiting for the Nevada Supreme Court's decision may delay this case for years. Plaintiff is confident that the Nevada Supreme Court will decide the appeals in BB&T's favor. However, even if the Nevada Supreme Court reaches an unfavorable decision, the appeals will not dispose of the application of AB 273 to this case. If the Nevada Supreme Court concludes that the deficiency limitation of NRS 40.459(1)(c) applies retroactively to pre-enactment transfers, this court will still have to address and decide two constitutional issues, and two issues of statutory interpretation. Specifically, this court will need to decide whether the retroactive application of NRS 40.459 violates the Contracts Clause and the Supremacy Clause of the U.S. Constitution. Additionally, the court will need to decide whether NRS

40.459(1)(c) applies only to post-foreclosure transfers of mortgage-backed debts, and whether the statute applies the FDIC.

Plaintiff also argues that it will be prejudiced by a stay because the Defendants are using the appeals before the Nevada Supreme Court as a means to delay their obligation to pay back the millions of dollars they borrowed.  There is no reason to prevent the parties from continuing discovery, and there are three other decisions in this district denying similar motions requesting stays based upon AB 273 appeals before the Nevada Supreme Court.  If the court decides to issue a stay, BB&T requests that the matter be set for a status check in 60 days to re-evaluate the appropriateness of a further stay.

Defendants reply that the Nevada Supreme Court's upcoming rulings on the substantive law that applies to this case will greatly impact the issues in this case regardless of the outcome.  The only potential prejudice to BB&T by a stay is that its money judgment from the Defendants will be delayed which is an insufficient reason in the Ninth Circuit to justify denial of a motion to stay.  If the Defendants are forced to proceed, the Defendants will suffer great hardship and injury if it is later determined that AB 273 applies because, in that event,  there was no deficiency for BB&T to pursue against the Defendants in this case.  The time and effort to conduct discovery and participate in litigation sufficiently establishes the hardship Defendants will suffer if a stay is denied.  Defendants reiterate arguments that staying this case will promote the orderly course of justice by simplifying and narrowing the issues, proof, and questions of law involved in this case.  This court is sitting in diversity and must apply the decisions of the Nevada Supreme Court interpreting issues of state law.  Thus, even if there are additional constitutional issues this court must decide, moving forward with discovery at this time would likely involve discovery disputes and expensive motion practice.

**DISCUSSION**

The Supreme Court has held that a district court has discretion to stay proceedings in its own court. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  Both sides agree that the court has the inherent power to stay proceedings in this case arising from the court's power to control its docket, conserve judicial resources, and provide for a just determination of the cases before it. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983).  In evaluating whether a stay should be granted, the Ninth Circuit has held that the court should consider

the competing interests at stake including the possible damage which may result from granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

The Ninth Circuit has also held that a stay pending resolution of independent proceedings which bear upon the case should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The majority of judges in this district who have addressed motions to stay raising the three pending appeals before the Nevada Supreme Court have concluded that a stay is appropriate. Two judges have denied motions to stay–one in a minute order without comment. In this case, the parties submitted a proposed Discovery Plan and Scheduling Order (Dkt. #20) on December 21, 2012, in compliance with LR 26-1(e), which the court approved in an Order (Dkt. #22). The parties' stipulation and the court's order imposed a standard 180-day plan, measured from the date of the Rule 26(f) conference. The discovery cutoff will run June 10, 2013, and the deadline for disclosing expert witnesses ran April 11, 2013. Counsel timely served their expert disclosures.

After stipulating to a standard 180-day discovery plan and scheduling order, counsel for Defendants filed a motion to stay proceedings more than two months later. The parties have not, as Defendants predicted in their motion to stay, had numerous discovery disputes arising out of the appropriate scope of discovery given the issues before the Nevada Supreme Court. The Defendants have not identified what discovery would be unduly burdensome or expensive to conduct without a ruling from the Nevada Supreme Court. The Defendants have not articulated how proceeding with and completing discovery in this case will be more efficient to the court or the parties if the stay is granted. The motion does not explain what discovery would be unnecessary depending on the outcome of the appeals. Additionally, the three appeals have been under submission to the Nevada Supreme Court for more than six months, and this court has no information about when a decision is anticipated.

///

On May 14, 2013, the parties submitted a stipulation proposing a 60-day extension of the discovery plan and scheduling order deadlines. The Stipulation (Dkt. #26) indicates that the parties exchanged their initial disclosures, and served expert witness disclosures on April 11, 2013, in accordance with the discovery plan and scheduling order entered in this case. A 60-day extension of the deadlines is now requested to allow Plaintiff additional time to respond to outstanding discovery requests served April 10, 2013, take depositions of various witnesses, including each party's experts, and potentially to disclose rebuttal experts. Under these circumstances, the court finds Defendants have not met their burden of showing a stay is appropriate. Accordingly,

**IT IS ORDERED** Defendants' Motion to Stay Proceedings (Dkt. #22) is **DENIED**.

Dated this 16th day of May, 2013.

_____
Peggy A. Leen
United States Magistrate Judge