UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>DESERT CANYON PAHSE II LLC, et al.,<br><br>Defendant(s). | Case No. 2:12-CV-1463 JCM (PAL)<br><br>ORDER |

Presently before the court is a motion for partial relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) filed by defendants Desert Canyon, Edward Nigro, Todd Nigro, Michael Nigro ("Desert Canyon").  (Doc. # 66).  Plaintiffs Branch Banking and Trust Company ("BB&T") filed a response.  (Doc. # 67). Desert Canyon filed a reply.  (Doc. # 70).

**I.   Background**

BB&T is the successor in interest to non-party Colonial Bank by acquisition of assets from the FDIC as receiver for the bank.  BB&T's claims arise out of an April 23, 2008 promissory note secured by a deed of trust executed by defendant Desert Canyon.  The note secured a loan from Colonial Bank in the original principal amount of $9,364,000.  The individual and corporate defendants executed guaranties, promising to repay the present and future indebtedness of Desert Canyon.

Colonial Bank was thereafter closed by the banking department of the state of Alabama, and the FDIC was named as receiver to liquidate and distribute its assets.

**James C. Mahan**
**U.S. District Judge**

1   On August 14, 2009, the FDIC assigned all of its rights, title, and interest in, to, and under the loan documents to BB&T.  Desert Canyon thereafter failed to pay the outstanding principal balance plus accrued interest, which were due by April 23, 2010.

On August 12, 2011, BB&T served a demand letter upon Desert Canyon and the individual guarantors.  Desert Canyon and the guarantors failed to pay the balance due.

On February 29, 2012, a trustee's sale was held, and the property was sold to BB&T for a credit bid in the amount of $2,784,000 in partial satisfaction of the note.  According to BB&T, the principal balance remaining under the note is $6,667,041.47, with accrued interest at the time of filing in the amount of $619,479.27, for a total of $7,286,520.74.

BB&T's complaint asserted claims for breach of guaranty and breach of the covenant of good faith and fair dealing, and BB&T sought a declaratory judgment.  On September 9, 2009, BB&T filed for summary judgment, and Desert Canyon filed for partial summary judgment.  (Docs. # 30, 39).

On June, 2, 2014, this court denied Desert Canyon's motion for partial summary judgment and granted BB&T's motion for summary judgment in regards to all issues except for the fair market value of the property at the time of the trustee's sale.  (Doc. # 52 at 9).  Defendants now move for partial relief from judgment so they may address issues they assert were not resolved by plaintiff's motion for summary judgment.  (Doc. # 66).

II.     **Legal Standard**

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

James C. Mahan
U.S. District Judge

- 2 -

Federal Rule of Civil Procedure 60(c)(1) provides that a party must make a Rule 60(b) motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, in circumstances (1) through (3), above, a party must move for relief from a final judgment "no more than a year after the entry of judgment." *Id.*

### III.   Discussion

Desert Canyon argues that this court should expand the scope of briefing from its previous order based on subsections 1, 2, and 6 of Rule 60(b). Desert Canyon now seeks to include evidence in regards to BB&T's failure to mitigate its damages and its putative benefit from a loss-sharing payment agreement with the FDIC. (Doc. # 66).

BB&T asserts that Desert Canyon's motion for partial relief is untimely because Desert Canyon knew about the order's narrow scope on June 2, 2014 – nearly three hundred days before Desert Canyon moved for partial relief. (Doc. # 67 at 3). Desert Canyon responds that the court stayed the briefing deadline on August 1, 2014. (Doc. # 56). Desert Canyon moved for relief only ten days after the case's reinstatement. This court finds that ten days within reinstatement is a reasonable window to move for partial relief and that Desert Canyon's motion was therefore timely.

Both parties note that this court calculates deficiency judgments in one of two ways under Nevada Revised Statute 40.459(1)(a)-(b). The judgment must be in the amount of either (a) the total indebtedness secured minus the fair market value of the property; or (b) the total indebtedness secured minus the actual sale price of the property. NRS 40.459(1)(a)-(b).

Desert Canyon seeks to expand briefing to touch on two issues that allegedly affect the ultimate value of the future judgment. First, Desert Canyon argues that BB&T's delay in foreclosing or obtaining a judgment on the property increased Desert Canyon's overall indebtedness, thereby inflating the amount of the final judgment. Second, Desert Canyon argues that any FDIC payments to BB&T under their loss-sharing agreement would decrease Desert Canyon's overall indebtedness, possibly causing it to fall below the property's fair market value or actual sale price.

BB&T contends that the new issues that Desert Canyon seeks to introduce are separate from the determination of the property's fair market value and are therefore meritless. (Doc. # 67). First, BB&T responds that it had no duty to immediately foreclose on the property's collateral. Second, BB&T argues that Desert Canyon cannot benefit from FDIC's loss-sharing agreement with BB&T. BB&T alleges that the agreement prevents third-party beneficiaries and that the FDIC provides the agreement as an incentive for buying a failed bank.

In its order on BB&T's motion for summary judgment, this court established Desert Canyon's liability and sought to determine the amount of relief that Desert Canyon owed to BB&T. The court finds that additional briefing is warranted since it will help the court determine the proper final value of the judgment. The court grants Desert Canyon's motion for partial relief to widen the scope of briefing and assist the court in ascertaining those values.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for partial relief from judgment, (doc. # 66), be, and the same hereby is, GRANTED.

IF IS FURTHER ORDERED that counsel will have 14 days from the date of the issuance of this order to file amended opening briefs. Counsel will have 10 days following briefing to file responses.

DATED June 19, 2015.

_____
UNITED STATES DISTRICT JUDGE