UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>DESERT CANYON PHASE II LLC, et al.,<br><br>Defendant(s). | Case No. 2:12-CV-1463 JCM (PAL)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Leen. (ECF No. 106). No objections have been filed, and the time for doing so has passed.

Branch Banking and Trust Company ("BB&T") is the successor in interest to non-party Colonial Bank by acquisition of assets secured by a deed of trust executed by defendant Desert Canyon Phase II LLC ("Desert Canyon"). The deed of trust secured a loan from Colonial Bank in the original principal amount of $9,364,000.00. The individual and corporate defendants executed guaranties, promising to repay the present and future indebtedness of Desert Canyon.

On August 12, 2011, BB&T served a demand letter upon Desert Canyon and the individual guarantors. Desert Canyon and the guarantors failed to pay the balance due.

On February 29, 2012, a trustee's sale was held, and the property was sold to BB&T for a credit bid in the amount of $2,784,000.00 in partial satisfaction of the note. According to BB&T, the principal balance remaining under the note is $6,667,041.47, with accrued interest at the time of filing in the amount of $619,479.27, for a total indebtedness of $7,286,520.74.

BB&T's complaint asserts a claim for breach of guaranty, asserts a claim for breach of the covenant of good faith and fair dealing, and seeks a declaratory judgment. On September 9, 2009,

**James C. Mahan**
**U.S. District Judge**

1  BB&T filed for summary judgement, and Desert Canyon filed for partial summary judgment. (ECF
2  Nos. 30, 39).

3  On June 2, 2014, the court denied Desert Canyon's motion for partial summary judgment
4  and granted BB&T's motion for summary judgment with respect to "all issues except for the fair
5  market value of the property at the time of the trustee's sale. (ECF No. 52 at 9). Since that time,
6  plaintiff and defendants have submitted numerous briefs and motions in an attempt to determine
7  the scope of the issues that remain. (*See*, *e.g.*, ECF Nos. 66, 67, 82, 83, 84, 89, and 90).

8  On June 19, 2015, the court issued an order granting defendants partial relief from its June
9  2, 2014, summary judgment order. (ECF No. 82). The order did not provide relief from the
10 judgment itself. (*Id.*). The court instead ordered the parties to further brief the issues they believed
11 were still outstanding. (*See id.* at 4).

12 Having reviewed the briefing, *see* ECF Nos. 83, 84, 89, and 90, the court now clarifies that
13 the only issue still remaining is the amount of the deficiency judgment. The court disposed of all
14 other issues when it granted plaintiff's motion for summary judgment "as to all issues except the fair
15 market value of the property at the time of the trustee's sale." (ECF No.52). That order stands. The
16 issues defendants briefed following the June 19, 2015, order could *and should* have been litigated in
17 response to plaintiff's motion for summary judgment or in defendants' motion for partial summary
18 judgment. *See Branch Banking and Trust Co. v. Pahrump 194, LLC, et al.*, No. 2:12-cv-1462-JCM
19 (VCF), ECF No. 116.

20 Having clarified that all other issues have been resolved, the court now turns to Judge Leen's
21 report and recommendation. Following its order granting plaintiff's motion for summary judgment, the
22 court referred the case to Judge Leen to hold an evidentiary hearing on the fair market value of the
23 Desert Canyon property. (*See* ECF No. 87).

24 Judge Leen conducted the deficiency hearing required by NRS § 40.457. Having thoroughly
25 analyzed the testimony and expert reports presented at the valuation hearing on October 5, 2015, Judge
26 Leen recommends that the court set the fair market value of the Desert Canyon property at the time of
27 the foreclosure sale at $5,916,300.00.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    This court "may accept, reject, or modify, in whole or in part, the findings or
2    recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  When a party timely objects
3    to a magistrate judge's report and recommendation, the court is required to "make a *de novo*
4    determination of those portions of the [report and recommendation] to which objection is made."
5    28 U.S.C. § 636(b)(1).

6    When a party fails to object, however, the court is not required to conduct "any review at
7    all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149
8    (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a
9    magistrate judge's report and recommendation where no objections have been filed. *See United*
10   *States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review
11   employed by the district court when reviewing a report and recommendation to which no
12   objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003)
13   (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are
14   not required to review "any issue that is not the subject of an objection.").  Thus, if there is no
15   objection to a magistrate judge's recommendation, then this court may accept the recommendation
16   without review.  *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a
17   magistrate judge's recommendation to which no objection was filed).

18   Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine
19   whether to adopt the recommendation of the magistrate judge.  Upon reviewing the
20   recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate
21   judge's findings in their entirety.

22   Summary judgment has been entered on all other issues, as discussed *supra*. Plaintiff shall
23   therefore prepare and submit a proposed judgment for the appropriate deficiency amount. The
24   proposed order shall be consistent with the court's summary judgment order. (*See* ECF No. 52).

25   Accordingly,

26   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's
27   report and recommendation (ECF No. 106) be, and the same hereby are, ADOPTED in their
28   entirety.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that the fair market value of the Desert Canyon Phase II LLC property at the time of the foreclosure sale on February 29, 2012, is set at $5,916,300.00.

IT IS FURTHER ORDERED that plaintiff Branch Banking & Trust Company shall prepare a proposed judgment consistent with the foregoing within **seven (7) days** of entry of this order.

DATED June 17, 2016.

_____
UNITED STATES DISTRICT JUDGE