1

2

3

4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                    * * *

7   BRANCH BANKING AND TRUST              Case No. 2:12-CV-1463 JCM (PAL)
    COMPANY,
8                                                        ORDER
                              Plaintiff(s),
9
10                    v.

11  DESERT CANYON PHASE II LLC, et al.,

12                            Defendant(s).

13

14          Presently before the court is defendants'[1] objection to plaintiff Branch Banking and Trust

15  Company's proposed judgment. (ECF No. 109). Plaintiff has not responded to the objection.

16          The parties to this matter are familiar with the facts and procedural history of this case, and

17  the court need not repeat them in detail here.

18          Pursuant to the court's June 17, 2016, order (ECF No. 107), plaintiff filed a proposed

19  judgment on June 24, 2016. (ECF No. 108). Defendants now object to plaintiff's interest

20  calculation therein. Defendants argue that when the court entered summary judgment on behalf of

21  plaintiff, it "did not go the next step and determine the calculation was appropriate under the

22  parties' agreements, or that the total would be included in the amount of "indebtedness" due under

23  the [n]ote pursuant to [NRS] 40.451 and 40.459." (ECF No. 109 at 2). They argue that plaintiff's

24  use of a fifteen percent (15 %) per annum interest rate from the date of default was inappropriate

25  because the holder of note never "declare[d] any default or demand[ed] any payment." (*Id.* at 3).

26

27  _____

28          [1] The objecting defendants are Desert Canyon Phase II LLC, Edward Nigro, Michael E.
    Nigro, and Todd Nigro.

**James C. Mahan**
**U.S. District Judge**

The court notes at the outset that when it resolved plaintiff's motion for summary judgment, it entered judgment on plaintiff's behalf with respect to "all issues except for the fair market value of the property at the time of the trustee's sale." (*See* ECF Nos. 107 and 52). Defendants failed to object to plaintiff's interest calculation in their response to its motion for summary judgment and did not argue that any genuine issue of material fact existed with respect to the calculation.

Plaintiff's motion for summary judgment contained a section called "statement of undisputed facts." (*See* ECF No. 30). In that section, plaintiff included its accrued interest calculation based on the 15% rate (*id.* at ¶ 19). In fact, the section even included a paragraph explaining that: "[p]ursuant to the terms of the [n]ote, upon default thereunder the interest rate under the [n]ote automatically increased to a default rate equal to fifteen percent (15.00%) per annum." (*Id.* at ¶ 13). Defendants did not object to plaintiff's characterization of these facts as undisputed in either its response to the plaintiff's motion (ECF No. 37) or their own motion for partial summary judgment. (ECF No. 39).

The interest issue has therefore already been adjudicated in plaintiff's favor. Nevertheless, the court has reviewed defendants' instant arguments and the agreements underlying this dispute and finds that plaintiff has properly calculated interest at the 15 % default rate.

Defendants concede that the promissory note underlying the loan transaction "governs the parties." (ECF No. 109 at 2). They argue that under the terms of note, they should not have to pay the default rate of 15 % until the point at which the note's holder demanded payment of the outstanding balance. Defendants maintain the position that this did not occur until plaintiff filed its motion for summary judgment on September 9, 2013, even though they acknowledge receipt of a document that is quite obviously a demand letter, dated August 12, 2011. (*See* ECF Nos. 109 at 3; 30 at 79) ("The purpose of this letter is to make demand upon the [b]orrower to pay all amounts due under the [n]ote . . . . and demand is also made upon such [g]uarantors to pay the [l]oan in full.").

Regardless, however, of when demand was made, the provisions of the note clearly provide that its holder has the option to apply the default rate from the date of default even if the holder delays or fails to exercise the option. (*See* ECF No. 30 at 15).  The provision in question provides

**James C. Mahan**
**U.S. District Judge**

- 2 -

that "[f]ailure to make any payment of principal and/or interest within (15) days after the due date thereof . . . shall constitute a default hereunder and . . . at the option of the holder hereof, all amounts then unpaid under this [n]ote shall bear interest from the date of default until such default is cured at a rate of fifteen percent (15%) per annum." Further, the same provision states that: "[d]elay or failure to exercise said options shall not constitute a waiver of the right to exercise same at any time thereafter . . . ." (*Id.*)

Defendants' arguments thus are without merit.  Regardless of whether plaintiff provided defendants any notice of its intent to collect interest at the default rate from the date of the default—which it did, *see* ECF No. 30 at 79—it has the right to exercise its option to do so at any point in time under the terms of the note, which defendants concede governs the parties' rights thereunder. Further, this is an inappropriate point in the litigation of this matter for defendants to raise these arguments. They had an opportunity to do so at summary judgment and eschewed that opportunity.

Defendants' objection is thus rejected. The court will enter the judgment following entry of this order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Desert Canyon Phase II LLC, Edward Nigro, Michael E. Nigro, and Todd Nigro's objection to plaintiff's proposed judgment (ECF No. 109) be, and the same hereby is, REJECTED following its consideration by the court.

DATED July 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**